**NO SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AHARON LEIMAN on behalf of himself and
all other similarly situated consumers

Plaintiff

-against-

BUDZIK & DYNIA, LLC

Defendant.

**CV 12 - 3308**

**GERSHON, J.**

**REYES, M.J**

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Aharon Leiman seeks redress for the illegal practices of Budzik & Dynia, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Laurelton, New York.

-1-

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Aharon Leiman*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

11. On February 17, 2012 and on many occasions, The Law office of Budzik & Dynia, LLC left a message on Plaintiff Aharon Leiman's voice mail stating: **"This communication is from the Law Firm of Attorneys BUDZIK & DYNIA ....."**

12. Said message communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense hence this message violates 15 U.S.C. § 1692e(3). *See, e.g.* Suquilanda v. Cohen &

-2-

Slamowitz, LLP, No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "law office" letterhead states a claim for relief under 15 U.S.C. § 1692e(3).") The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." *Id.* § 1692e(3). The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993); *See, e.g.,* Taylor v. Perrin, Landry, DeLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.). The same applies to a prerecorded or human voice-mail message because a voice mail message containing a law-firm audio caption such as – **"This communication is from the Law Firm of Attorneys BUDZIK & DYNIA ...."** would imply meaningful attorney involvement, which does not exist absent participation by an attorney in the debt-collection process. *See, e.g.,* Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir.

2005) ("[W]e [have] established that a letter sent on law firm letterhead . . . does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is . . . misleading within the meaning of the FDCPA."). The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent." 988 F.2d at 1317. He did not have any specific involvement with each debtor's account such as reviewing the debtor's file or the particular letter being mailed. *Id.* The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated 15 U.S.C. § 1692e(3) because although they were literally "from" an attorney, they "were not 'from' [him] in any meaningful sense of that word." *Id.* at 1320. *See also:* Avila, 84 F.3d at 229. The same result is obtained in the present case. While many courts have ruled (*see e.g.* Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011) that under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either 15 U.S.C. § 1692d(6), 1692e(11) or 1692c(b) if it does so. When a debt collection law firm such as **The Law Offices of Budzik & Dynia, LLC** chooses to leave a voice mail message on the debtors answering machine which uses the words **Law Firm of Attorneys Budzik & Dynia, LLC** before any direct and personal involvement with the debtor's account — such as reviewing the debtor's file, then, absent any clear disclosure that no attorney has

-4-

Case 1:12-cv-03308-NG-RER   Document 1   Filed 07/02/12   Page 5 of 17 PageID #: 5

reviewed the particular account, clearly indicates that this message violates 15 U.S.C. § 1692e(3). *See also, e.g.* Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved because this deceptively sends the message that the 'price of poker has gone up.'")

In order for a collection agency to be Foti compliant, a debt collector must put in each oral or written communication the debt collector disclaimer and the debt collector cannot assume that the initial communication absolves the debt collector from making future debt collector disclaimers. In order for a Law firm engaged in purely debt collection activity to be Greco compliant if the debt collection law firm uses words that would imply the communication is coming from a law firm, then they need to use a NON ATTORNEY disclaimer in every communication. They cannot assume that the initial communication absolves the NON ATTORNEY debt collector from making future NON ATTORNEY disclaimers. When it comes to a LAW FIRM which is engaged in purely debt collection activities the GRECO - NON ATTORNEY disclaimer is just like the Mini Miranda warning – it must be in every communication. In fact, Defendant Budzik & Dynia, LLC puts the NON ATTORNEY disclaimer in their letter communication because Budzik & Dynia, LLC is certain that not putting in the NON ATTORNEY disclaimer in a letter communication would imply that the said communication is from an involved attorney. Hence when Budzik & Dynia is meaningfully involved (*e.g.* during litigation), the NON

ATTORNEY disclaimer is absent from those communications. An oral or written communication from a LAW FIRM absent the NON ATTORNEY disclaimer would lead even a sophisticated consumer to get the impression of meaningful attorney involvement. In general, it would be ridiculous to think that the least sophisticated consumer would carry over any disclaimer from one communication to the next (such as a Mini Miranda or Greco - hence the case law that these disclaimers must be in **ALL** communications). In particular, the communication at hand in this case would imply that it is from an attorney in the practical sense since it was the initial communication. No Bona Fide error defense exists because Budzik & Dynia, LLC, has a standard practice to leave the words LAW FIRM or Attorneys in every message. *See:* Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) ("Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act"); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under 15 U.S.C. § 1692e(10) of the Act.); Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008) (The court summarized the law of deception under the least sophisticated

consumer standard: A communication is deceptive for purposes of the Act if: "it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor); Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011) (A communication that could be "reasonably read to have two or more different meanings, one of which is inaccurate," is considered deceptive.) Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (It is a remedial statute that we "construe . . . broadly, so as to effect its purpose". Communications are to be analyzed under the least sophisticated debtor standard. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate). Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008) (A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.") Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006). The FDCPA is a remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate. Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009). Where Defendant sent the communication knowing that the contents could be "deceptive" because such communication could have "two or more

different meanings, one of which is inaccurate," the court denied Defendant's motion for summary judgment. Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009) (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency.) Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009). A collection letter is deceptive if it can reasonably have two meanings, one of which is inaccurate. Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4, 2011) (A notice that could be "reasonably read to have two or more different meanings, one of which is inaccurate"); Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) (least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice).

13. Defendant, as a matter of pattern and practice, leaves voice mail messages, or cause voice mail messages to be left on debtor's answering machines, using language substantially similar or materially identical to that utilized by Defendant in the above-cited message which was left on Plaintiff's answering machine on many occasions.

14. Defendant leaves thousands of voice mail messages like the one left for Plaintiff without conducting any meaningful review of the accounts.

15. The human and/or prerecorded voice mail messages Defendant leaves, or cause to be left on debtors answering machines, are produced by Defendant's concerted

16. The voicemail communications from BUDZIK & DYNIA that say: **"This communication is from the Law Firm of Attorneys BUDZIK & DYNIA ...."** is a standardized pre-scripted voice mail. Although The Law Offices of Budzik & Dynia, LLC may technically be a law firm, it was not acting in the capacity of a law firm with respect to the numerous messages left for the Plaintiff. The inclusion of "Law Firm" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

17. If The Law Offices of Budzik & Dynia, LLC desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the law of the Second Circuit; so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. *See e.g.* Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). *See also e.g.* Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up." *See also e.g.* Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005)

(The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e).

18. The representatives that left the messages are not attorneys and, are not licensed to practice law in the State of New York or any other State.

19. At no time did any of the representatives indicate in the messages that they are actually a non-attorney debt collector.

20. The telephone number (888) 322-1295 is answered by persons who are employed by The Law Firm of Budzik & Dynia, LLC as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

21. Said messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692e(5) for failing to qualify and indicate that the messages were from a non-attorney, for failing to qualify that no attorney from the firm had reviewed the debt, and for falsely threatening legal action.

22. Upon information and belief, Defendant called to collect the debt, however, Defendant was not an attorney debt collector.

23. Said messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692e(5) for failing to qualify that the indicated messages were from a non-attorney.

24. On March 15, 2012, Defendant sent a collection letter communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating 15 U.S.C. § 1692e(3). Said letter states in pertinent part:

"As per our previous correspondence, the above referenced claim has been assigned to this office for collection. Our records indicate that your account remains overdue. As such, we would like to make the following offer: **TAX RETURN SPECIAL OFFER.**" Annexed to this Class Action Complaint is a copy of said letter. Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005) (computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3)). *See also e.g.* Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011); Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011).

25. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." *Id.* § 1692e(3). The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account, such as by reviewing the debtor's file before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir.

-11-

1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.). *See also* Suquilanda v. Cohen & Slamowitz LLP., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, using a 'law office' letterhead states a claim for relief under 15 U.S.C. § 1692e(3)"). The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent." 988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. *Id.* The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because although literally "from" an attorney, they "were not 'from' [him] in any meaningful sense of that word." *Id.* at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here in the present case.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

26.  Plaintiff restates, realleges, and incorporates herein by reference, paragraphs one (1) through twenty five (25) as if set forth fully in this cause of action.

27. This cause of action is brought on behalf of Plaintiff and the members of three classes.

28. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a consumer seeking payment of a consumer debt; and (b) the Defendant made a false representation or implication that Defendant is an attorney and that any communication is from an attorney in violation of 15 U.S.C. §1692e(3).

29. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter(s) was sent to a consumer seeking payment of a consumer debt; (b) that the collection letter(s) used an attorney letterhead which represented that the letter was sent from a law firm in a practical sense; (c) the letter was sent seeking payment of an alleged debt and was not returned or undelivered by the post office; and (d) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3), and/or 1692e(10).

30. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a

consumer seeking payment of a consumer debt; and (b) that the telephone messages did not qualify that the person leaving the message was a non-attorney at the firm in violation of 15 U.S.C. §§ 1692e and 1692e(10).

31. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the telephonic messages and the collection letter that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the telephonic messages and collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing

      class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

32. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. Collection letters, such as those sent by the Defendant and telephonic messages made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

35. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

36. The Defendant's violation of the Fair Debt Collection Practices Act entitled the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
June 26, 2012

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

Hashim Rahman, Esq.
Principal Trial Counsel
155 Water Street
Brooklyn, New York 11201
Office: (347) 433-6139
Facsimile: (347) 382-9457
Mobile: (914) 584-7183
E-mail: hrahman@rahmanlegal.com

Plaintiff requests trial by jury on all issues so triable.

Maxim Maximov, Esq.
Hashim Rahman, Esq.

-16-



**BUDZIK & DYNIA, LLC**
**Attorneys at Law**
4849 N. Milwaukee Avenue
Suite 801
Chicago, IL 60630

*Licensed Attorneys in:
| | | |
|---|---|---|
| Arizona | Illinois | New Jersey |
| Arkansas | Maine | New York |
| California | Massachusetts | Pennsylvania |
| Connecticut | Michigan | Tennessee |
| Florida | Minnesota | Utah |
| Idaho | Mississippi | Wisconsin |
| Iowa | Nevada | Wyoming |

| BDL # | Original Creditor | Current Creditor | Current Account # | Current Balance |
|---|---|---|---|---|
| 676742 | FIA Card Services, N.A. | FIA Card Services, N.A. | 4403170999628668 | $4,493.60 |

Phone: 773-902-1130  •  Toll Free: 888-322-1295
Fax: 773-482-6200  •  Web www.budzikdynia.com

4135

Aharon Leiman
1802 OCEAN PKWY APT A10
BROOKLYN, NY 11223-3065

March 15, 2012

Dear Aharon Leiman:

As per our previous correspondence, the above referenced claim has been assigned to this office for collection. Our records indicate that your account remains overdue. As such, we would like to make the following offer:

## TAX RETURN SPECIAL OFFER

### PLEASE READ BELOW REGARDING SPECTACULAR SAVINGS

Your current balance: **$4,493.60**

On behalf of our client, we are happy to offer you a VERY SPECIAL SETTLEMENT OFFER in hopes that you are receiving a return this year from the government. Your balance is currently $4,493.60. As it is in everyone's best interest to try and clear up this matter, we are prepared to offer a significant settlement offer to you to liquidate this account with your tax refund if that option is available to you. If you cannot pay this in a single payment, we are authorized to set up a payment plan of up to 6 months. Please contact one of our courteous, professional representatives to assist you in correctly taking advantage of this offer.

Please contact us at 888-322-1295 if you leave a message, your call will be returned promptly the following business day.

As a result of this settlement, if the amount forgiven or canceled on this debt equals or exceeds $600, the IRS may require Bank of America N.A. to report the amount forgiven or canceled on a Form 1099-C. You will receive this form for the year in which the settlement is completed. If you want advice about the potential tax consequences that may result from this settlement, Bank of America recommends that you consult a tax professional of your choosing. The Bank does not make any representations about the tax consequences that this settlement may have for you or any reporting requirements that may be imposed on the Bank.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**

***detach below and return in the enclosed envelope with your payment***

4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

| BDL # | Current Balance |
|---|---|
| 676742 | $4,493.60 |

| Contact Number | Payment Amount $ |
|---|---|

Aharon Leiman
1802 OCEAN PKWY APT A10
BROOKLYN, NY 11223-3065

Make your check or money order payable to:
Budzik & Dynia, LLC
4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

26